ON DENIAL OF REHEARING

Respondent’s Motion for Rehearing is hereby denied.
CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
LEWIS, J., dissents with an opinion.
LEWIS, J.,
dissenting.
I dissent with regard to the denial of rehearing and the prior decision of the majority to sanction a lawyer for utilizing a designation previously approved by this Court and refusing to reconsider that the factual basis for the majority’s decision does not exist. In Florida Bar v. Doane, 43 So.3d 640 (Fla. May 20, 2010), we approved the referee’s recommendation of guilt due to the respondent’s use of the trade name “Legal Experts.” Id. at 640 (Pariente, J., concurring). On rehearing, however, the respondent has demonstrated that facts relied on in the concurring opinion, which purports to be representative of the majority, are wrong.
The concurrence to the majority’s sanction order accused the respondent of using a trade name in a fashion that is misleading to the public. See Doane, 43 So.3d at 640. Specifically, the concurrence stated, “Even as approved, the rules provide that an attorney who is board-certified in a particular area of the law by The Florida Bar may use the designations ‘board certified,’ ‘specialist,’ or ‘expert,’ but he or she needs to include the area of certification.” Id. (emphasis supplied). On rehearing, the respondent demonstrated that the evidence in the record establishes that in all instances when he referenced his designation of “Legal Experts” on the sign outside his office, his business card, and his website, the phrase “Board Certified Civil Trial Lawyer” was included immediately below the trade name. The respondent’s inclusion of his specific certification specifically negates any notion that his trade name was misleading to the public as stated to be the basis for discipline and effectively establishes his consistency with the Rules Regulating the Florida Bar. Respondent’s compliance with the rules is also supported by the fact that the grievance committee of The Florida Bar found no probable cause in this matter and there has never been a complaining party with regard to misleading the public.
Discipline is not warranted here. Accordingly, I dissent.